UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOHNNY WOODARD, JR.,

Plaintiff,

v.

DEPARTMENT OF VETERANS AFFAIRS
DEBT MANAGEMENT CENTER, ET ALS,

Defendant.

Civil 01-1271 (RHK/SRN)

**ORDER**

Plaintiff has filed a complaint seeking relief under the Federal Tort Claims Act, (28 U.S.C. § 2671, et seq.). (Docket No. 1.) He did not pay the $150 filing fee for this action, (as required by 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) That IFP application is now before the Court.

Plaintiff's IFP application shows that he is not currently employed, but he does receive $2,023 per month as "VA compensation." According to the IFP application, Plaintiff's only asset is his home, which is valued at $50,000. Although Plaintiff represents that he has no bank accounts, (see IFP Application, § 4), the attachments to his complaint indicate that he actually does have a bank account, and that he has maintained a positive balance in that account ranging from $193.28 to $2166.28.[1] (See attachments to complaint.) The application also shows that Plaintiff filed a Chapter 13 bankruptcy petition more than three years ago, and that he has three dependents, (his wife and two children).

[1] Plaintiff's apparent misrepresentation about the existence of this account raises some concerns about the accuracy of the other representations made in his IFP application.

FILED JUL 18 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

While recognizing that Plaintiff is a man of limited financial means, (especially given his bankruptcy proceedings and the need to support his dependents), the Court cannot conclude that Plaintiff is indigent. In light of his income and assets, it appears that Plaintiff should be able to pay the filing fee and costs of service of process for this action. His IFP application will therefore be DENIED.

However, Plaintiff will be given an opportunity to pay the normal $150 filing fee, and if he chooses to do so, he will be allowed to pursue his claims as a non-IFP litigant.[2] If Plaintiff pays the $150 filing fee within twenty (20) days after the date of this Order, the action will be allowed to proceed. If he fails to pay the full amount of the filing fee within the time allowed, it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Application, (Docket No. 2), is **DENIED;** and

2. Plaintiff shall pay the full filing fee of $150 within twenty (20) days after the date hereof, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

---

[2] Plaintiff is encouraged to think carefully about whether it would truly be worthwhile to pursue this matter as a non-IFP litigant. As far as the Court can tell, he agreed to allow Defendant to deduct $205 per month from his monthly VA checks, to be applied toward the payment of some unspecified debt(s). He apparently is alleging that Defendant began to make such deductions one month before the actual agreed-upon starting date. Although Plaintiff is seeking $500,000,000,000,000 in damages, the Court cannot see how he has suffered any actual damage at all, (assuming that the one allegedly premature monthly deduction was used to reduce his designated debt(s)).

Dated: July 18, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500