**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**JOHNNY WOODARD, JR.**, Civil No. 01-1271 (JEL/JGL)

Plaintiff,

v.

**REPORT AND RECOMMENDATION**

**DEPARTMENT OF VETERANS AFFAIRS, DEBT MANAGEMENT CENTER**,

Defendant.

---

APPEARANCES

Johnny Woodard, Jr., pro se

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Plaintiff's Motion for Default Judgment (Doc. No. 8). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiff has filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55. Rule 55(a) provides for an entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Rule 55(b)(2) permits a court to enter judgment by default.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff contends he is entitled to judgment by default because more than 120 days has elapsed since he filed suit and no appearance has been entered by Defendant. While Plaintiff is correct that no appearance has been entered by Defendant, the Court surmises that the reason for Defendant's failure to answer is because Plaintiff has not yet served the summons and complaint on Defendant.

In this Court's Order of July 3, 2002, the Court stated the following:

> It has come to the attention of the Court that Plaintiff has not effected service on Defendant. When a plaintiff files his complaint, he must submit to the Clerk of Court the original complaint, a civil cover sheet, and a summons. The plaintiff must also pay a filing fee unless the plaintiff desires to proceed in forma pauperis ("IFP"), in which case he must submit the required application and certification. Here, it appears that Plaintiff prepared and submitted the proper documents including an IFP application. However, Plaintiff's application to proceed IFP was denied, and therefore, it became his responsibility, not that of the Marshal's Service, to effect service on Defendant.
>
> In light of this procedural history, Plaintiff's Motion for Default Judgment is premature and unfounded.[] The motion will be addressed in a subsequent Report and Recommendation. The purpose of this Order is to explain the procedural status of this case. In addition, the Court asks the Clerk's office to prepare, sign, date, and stamp a summons and to mail the summons to Plaintiff. The Court also asks the Clerk's Office to send Plaintiff a "Pro Se Packet," which contains information regarding the filing and serving of a civil complaint. Plaintiff will then be responsible for effecting service of the

summons and complaint on Defendant in accordance with the Federal Rules of Civil Procedure. Finally, Plaintiff must make proof of service to the court as required by Federal Rule of Civil Procedure 4(l).

Accordingly, Plaintiff's Motion for Default Judgment should be denied. Plaintiff was responsible for serving the summons and complaint on Defendant, see Fed. R. Civ. P. 4(c)(1), and he did not. Thus, the reason for Defendant's failure to appear is Plaintiff's failure to effect service, not because Defendant failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Default Judgment (Doc. No. 8) be **DENIED**.

Dated: July 8, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by July 25, 2002, written objections which specifically identify those portions of this Report to which objections are being made and the basis of

those objections. A party may respond to the objecting party's brief within ten days after being served with it. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.